Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Robert J. GILLIAM, d/b/a Joe Gilliam Mining Company, Defendant.

No. N 78–0022–C (1).

United States District Court, E. D. Missouri, N. D.

Nov. 17, 1978.

Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Robert H. Brownlee, St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on the motion of the plaintiff, Ray Marshall, as Secretary of Labor, for an injunction under 30 U.S.C. § 818(a)(1)(C) requiring defendants to permit inspection of their business property at Goss, Missouri. For the reasons stated herein the requested injunction will be granted.

Defendant Robert J. Gilliam is·part owner and manager of the defendant firm, Joe Gilliam Mining Company, in Monroe County, Missouri. The company has mined clay for thirty-five years in Goss, Missouri. Clay mined from the Goss pit is stockpiled, then loaded into railroad cars or trucks for deliv-

ery. No clay has been mined in the last 18 to 24 months, although clay remains in the stockpile awaiting sale and shipment. The latest shipment was made "a couple of weeks" before August 31, 1978. Clay loaded into trucks at Goss was shipped to Mexico City, Mexico. Defendants intend to continue to sell, load, and ship the clay remaining in their stockpiles. Defendant Gilliam testified that he will close the pit after selling off the stockpiled clay, then quit the clay business. He also testified that he would have to use his equipment in the pit if he got enough business to go back to mining.

■ The Court finds that defendant business is a mine under 30 U.S.C. § 802(h)(1), and subject to the provisions of 30 U.S.C. § 801 *et seq.*, ("the Act") because it produces clay that enters commerce. 30 U.S.C. § 803. So long as defendants continue to load and ship clay they have mined and stockpiled in Goss they may be inspected and regulated under 30 U.S.C. § 813(a). Cessation of activity in the pit alone does not suspend the provisions of the Act when the Joe Gilliam Mining Company continues to move and load mined clay in preparation for shipment, 30 U.S.C. § 802(h)(1)(C).

■ The plaintiff has a right of entry upon defendant's property to inspect for violations of the Act, 30 U.S.C. § 813(a). This Court is empowered by 30 U.S.C. § 818(a)(1)(D) to permanently enjoin defendant from refusing to permit plaintiff's inspection. The plaintiff's inspection may extend to all those structures and machines that are now used, or that have been used in connection with the extraction of clay and its preparation for loading. The right of entry shall extend to the shop and scale area, including machines used to maintain mining equipment. *See, United States v. Consolidation Coal Co.*, 560 F.2d 214, 219 (6th Cir. 1977). If defendant objects to any citation or order issued by the Secretary or his agent, he may seek administrative review under 30 U.S.C. § 815(d), and an appeal to the United States Court of Appeals for the Eighth Circuit under 30 U.S.C. § 816(a)(1).

■ Plaintiff's right to enter and inspect defendant's property enforced by this injunction, shall be exercised "in such a manner as not to impose an unreasonable burden upon" defendant's operations. 30 U.S.C. § 813(e).

■ This Court has no jurisdiction to consider the legality of any civil assessment against defendant except in an action by the Secretary to collect an assessment under 30 U.S.C. § 820(j). Defendant may seek administrative relief under 30 U.S.C. § 815(d).

■ 30 U.S.C. § 801 *et seq.*, applies to defendant's property and requires this Court to grant plaintiff's request for an injunction.